UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

MARCUS BRANNER )
 )
    *Petitioner*, )
 )
v. ) No. 3:04-cv-395
 ) *Phillips*
HOWARD CARLTON, Warden )
 )
    *Respondent*. )

## **MEMORANDUM**

    This is a *pro se* petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter is before the court on the motion to dismiss filed by the Attorney General for the State of Tennessee, on behalf of the respondent. Petitioner has not filed a response to the motion to dismiss and the court deems petitioner to have waived his opposition to the dispositive motion. *Elmore v. Evans*, 449 F. Supp. 2, 3 (E.D. Tenn. 1976), *aff'd mem.*, 577 F.2d 740 (6th Cir. 1978); E.D.TN. LR7.2. For the following reasons, the motion to dismiss [Court File No. 6] will be **GRANTED** and this action will be **DISMISSED**.

    Petitioner Marcus Branner ("Branner") challenges his convictions for attempted second degree murder (two counts) and second degree murder. Branner has provided the court with copies of his relevant state court proceedings as attachments to the habeas corpus petition.

Branner was convicted by a jury in Knox County, Tennessee, on June 27, 2001. By judgments entered August 21, 2001, he was sentenced to concurrent prison terms of eleven years on the attempted second degree murder convictions, and a concurrent prison term of 24 years on the second degree murder conviction. Branner did not appeal. On July 26, 2004, he filed a petition for post-conviction relief in the Criminal Court for Knox County, Tennessee. The petition was dismissed as time-barred by order entered August 4, 2004. Branner did not appeal that dismissal. He filed the pending habeas corpus petition on August 26, 2004.[1] The Attorney General moves to dismiss the habeas corpus petition as untimely.

Prior to the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the only time constraint for a state prisoner to file a § 2254 habeas corpus petition was if the respondent had been prejudiced in responding to the petition because of the delay in filing. Rule 9(a) of the RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS. As a result of the AEDPA, however, state prisoners now have one year in which to file a § 2254 petition.

Section 101 of the AEDPA amended 28 U.S.C. § 2244 to provide that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." The limitation period generally runs from the date on which the judgment of conviction became final, with the provision that "[t]he time during which a properly filed application for State post-conviction or other collateral

---

[1] The petition was received by the court on August 30, 2004. It bears a prison mail room stamp of August 26, 2004. Pursuant to the "prison mail box rule" of *Houston v. Lack*, 487 U.S. 266 (1988), a pleading is "filed" by a *pro se* prisoner when it is given to a prison official for mailing. The court will assume, for purposes of the statute of limitation, that Branner gave the petition to the prison authorities for mailing on August 26, 2004.

review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). A state post-conviction petition that was dismissed as time-barred, however, is not considered "properly filed" in terms of § 2244(d)(2) and the time during which the petition was pending is not tolled. *Israfil v. Russell*, 276 F.3d 768, 771-772 (6th Cir. 2001).

Because Branner did not appeal his convictions, the convictions became final on September 1, 2001, which was 30 days after imposition of sentence. *See State v. Green*, 106 S.W.3d 646, 650 (Tenn. 2003). Since Branner's state post-conviction petition was dismissed as untimely, it was not a "properly filed" petition and thus could not extend the time for filing a habeas corpus petition in federal court. In fact, at the time Branner filed his state post-conviction petition, the time for filing in federal court had already expired.

Branner's petition for the writ of habeas corpus is barred by the statute of limitation. The motion to dismiss filed by respondent will be **GRANTED** and this action will be **DISMISSED**. Rule 4 of the RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS. A certificate of appealability **SHALL NOT ISSUE** in this action. 28 U.S.C. § 2253(c); Rule 22(b) of the FEDERAL RULES OF APPELLATE PROCEDURE. The court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the FEDERAL RULES OF APPELLATE PROCEDURE.

      **AN APPROPRIATE ORDER WILL ENTER.**

                                          s/ Thomas W. Phillips
                                        United States District Judge